IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL FELDKAMP,<br><br>**Plaintiff,**<br><br>v.<br><br>UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,<br><br>**Defendant.** | Case No. 2:24-CV-02220-JAR-TJJ |

**MEMORANDUM AND ORDER**

Plaintiff Michael Feldkamp filed this removal action against his former employer, Defendant University of Kansas Hospital Authority, alleging that Defendant discriminated against him on the basis of his age and retaliated against him for reporting concerns regarding the safety of some equipment used by employees and patients. This matter is now before the Court on Defendant's Partial Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 23) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Defendant's motion. However, as discussed below, the Court grants Plaintiff leave to amend his First Amended Complaint to cure the pleading deficiencies explained below.

**I.    Legal Standard**

Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above

the speculative level"[1] and include "enough facts to state a claim to relief that is plausible on its face."[2] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[3] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4] The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

## II. Background

The following facts are derived from Plaintiff's First Amended Complaint. Plaintiff is 65 years of age and was employed by Defendant for over 30 years. His most recent 22 years of employment with Defendant was as a Nuclear Medicine Program Director in Cardiology.

Plaintiff maintains that despite serving Defendant in a highly appropriate and productive manner, his supervision spoke about him behind his back, micromanaged his work, blamed him for false occurrences, and continued to confront and question his ability to effectively perform his job duties, while younger, similarly situated co-workers were not subjected to the same treatment. Additionally, while employed by Defendant, Plaintiff became aware of several malfunctioning or broken treadmills that would abruptly cease operation while employees and patients exercised on them. According to Plaintiff, these malfunctions were known by

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[2] *Id.* at 570.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[4] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Defendant's supervision and medical professionals to cause serious injuries.  Plaintiff informed supervision, including the risk manager and CEO, of the malfunctioning equipment and made multiple requests to resolve the issues.  However, Plaintiff claims that Defendant denied him the right to remedy these issues.  Further, Plaintiff claims that he was discriminated against, bullied, harassed, and classified as an "older manager" by Defendant as a direct result of his voiced concerns and reports regarding the malfunctioning equipment and because of his age.  On or about January 5, 2023, Defendant terminated Plaintiff's employment, which, Plaintiff contends, was also a direct result of his age and voiced concerns regarding the malfunctioning equipment.

On March 27, 2024, Plaintiff filed suit against Defendant in the Wyandotte County District Court in Wyandotte County, Kansas alleging that Defendant discriminated against him in violation of the Age Discrimination in Employment Act, retaliated against him in violation of Kansas public policy, and wrongfully terminated his employment in violation of K.S.A. § 65-4928.  Defendant timely removed the action to this Court on May 28, 2024.  Plaintiff filed his First Amended Complaint in this Court on July 22, 2024.

### III. Discussion

In Count II of his First Amended Complaint, Plaintiff claims that Defendant retaliated against him in violation of Kansas public policy.  Defendant argues that this Count should be dismissed because it is precluded by Plaintiff's claim in Count III—wrongful termination in violation of K.S.A. § 65-4928.  In response, Plaintiff argues that Count II should survive Defendant's motion to dismiss because K.S.A. § 65-4928 does not provide an adequate alternative remedy and because his voiced concerns and reports implicated, in addition to patient safety, workplace safety which would not be precluded by K.S.A. § 65-4928.  The Court agrees

with Defendant and thus dismisses Count II of Plaintiff's First Amended Complaint. However, the Court grants Plaintiff leave to amend.

Kansas is an at-will employment jurisdiction, meaning that absent an express or implied contractual agreement, an employer is free to terminate employment at will.[6] The Kansas Supreme Court, however, has recognized a public policy exception to the at-will employment doctrine for retaliatory discharge.[7] But the public policy exception is unnecessary when a plaintiff is already protected by a statutory remedy because the statutory remedy will adequately address the state's public policy concern.[8] Thus, under the adequate alternative remedies doctrine, if an adequate federal or state remedy is available, the public policy claim under Kansas common law is precluded.[9] Therefore, to state a plausible claim for retaliatory discharge under Kansas common law, a plaintiff must not only present factual allegations showing conduct that violates public policy, but the plaintiff also must have no adequate remedy under federal or state statutory law.[10]

Here, Plaintiff claims that Defendant retaliated against him for reporting his concerns regarding malfunctioning equipment used by patients and employees. Plaintiff contends that he was protected from retaliation by K.S.A. § 65-4928, which prohibits retaliation against employees for their compliance with the Kansas Risk Management Act. Indeed, Count III of Plaintiff's First Amended Complaint alleges that Defendant wrongfully terminated him in

---

[6] *Flenker v. Williamette Indus., Inc.*, 967 P.2d 295, 298 (Kan. 1998) (citing *Johnston v. Farmers All. Mut. Ins. Co.*, 545 P.2d 312, 315 (Kan. 1976)).

[7] *Id.*

[8] *See Conner v. Schnuck Mkts., Inc.*, 906 F. Supp. 606, 615 (D. Kan. 1995) (citing *Polson v. Davis*, 895 F.2d 705, 709–10 (10th Cir. 1990)).

[9] *Id.*

[10] *Id.*

violation of K.S.A. § 65-4928.  Defendant correctly argues that the Kansas Risk Management Act serves as an adequate alternative statutory remedy to Kansas common law retaliation claims based on reports concerning patient safety.[11]  Specifically, the Act "gives an employee full authority to decide whether to pursue a cause of action in the state courts, while applying the same procedural rules as a common-law cause of action" and "expands the common-law remedy."[12]

Further, the Court agrees with Defendant that workplace safety and *Flenker v. Williamette Industries, Inc.*[13] are not implicated under the facts as alleged by Plaintiff in his First Amended Complaint.  In *Flenker*, the Kansas Supreme Court held that OSHA did not provide an adequate alternative statutory remedy to a common law retaliation claim based on reports concerning workplace safety.[14]  However, Plaintiff's First Amended Complaint has not sufficiently alleged how Plaintiff's reports concerned workplace safety (rather than patient safety).  Nor has Plaintiff alleged that, like the plaintiff in *Flenker*, he ever raised an OSHA complaint with a supervisor.  He does not, for example, allege that he informed a supervisor that he had filed—or even intended to file—an OSHA complaint or that the Occupational Safety and Health Administration investigated the complaint.  Finally, Plaintiff's allegation that Defendant violated "federal and/or state mandates governing the provision of safe workplaces" [15] is

---

[11] *See Anglemyer v. Hamilton Cnty. Hosp.*, 848 F. Supp. 938, 940 (D. Kan. 1994) ("[The Kansas Risk Management Act] provides plaintiff with an adequate remedy if it is determined that the defendants terminated her in retaliation for her compliance with her duties under the statute.  Therefore, plaintiff does not state a claim for retaliatory discharge under Kansas common law."); *Goodman v. Wesley Med. Ctr., L.L.C.*, 78 P.3d 817, 824 (Kan. 2003) ("Because K.S.A. 65-4928 enhances rather than restricts the common-law remedy, it provides an adequate statutory remedy and precludes common-law retaliatory discharge claims for reporting standard of care issues in medical care facilities.").

[12] *Goodman*, 78 P.3d at 824.

[13] 967 P.2d 295 (Kan. 1998).

[14] *Id.* at 301–02.

[15] Doc. 17 ¶ 19.

insufficient to state a claim for common law retaliation based on reports concerning workplace safety. "A whistleblowing claim under this tort 'must be based on violations of specific and definite rules, regulations, or laws.'"[16] Plaintiff's allegation about "federal and/or state mandates" is anything but specific and definite. Thus, Count II of Plaintiff's First Amended Complaint is dismissed.

In his response to Defendant's motion to dismiss Count II, Plaintiff requested that he be granted leave to file "a more definitive statement."[17] The Court will treat this as a request for leave to amend. However, D. Kan. Rule 15.1 provides that a party seeking leave to amend must "set forth a concise statement of the amendment . . . sought" and "attach the proposed pleading."[18] Although the Court should "freely give leave when justice so requires,"[19] Plaintiff has not met the foregoing requirements and the Tenth Circuit has held that such cursory requests for leave to amend are not sufficient.[20]

Nonetheless—out of an abundance of caution and in the interest of deciding this case on its merits—the Court will permit Plaintiff until February 12, 2025, to file a motion for leave to amend his claim for retaliation in violation of Kansas public policy. Otherwise, that claim is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Partial Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 23) is **granted**.

---

[16] *Ross v. Pentair Flow Techs., Inc.*, No. 19-2690-SAC, 2020 WL 1028304, at *11 (D. Kan. Mar. 3, 2020) (quoting *Goodman*, 78 P.3d at 822).

[17] Doc. 28 at 5 n.1.

[18] D. Kan. R. 15.1(a)(1)–(2).

[19] Fed. R. Civ. P. 15(a)(2).

[20] *See Bangerter v. Roach*, 467 F. App'x 787, 789 (10th Cir. 2012); *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010).

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff shall have until February 12, 2025, to file a second amended complaint to amend his claim for retaliation in violation of Kansas public policy.

**IT IS SO ORDERED.**

Dated: January 29, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
